UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER BUCKINGHAM, et al.,

    Plaintiffs,

vs.

VINCENT E. CERBINI, et al.
et al.,

    Defendants.
_____/

Case No. 20-12357

HON. MARK A. GOLDSMITH

## ORDER REGARDING JURISDICTION

This matter is presently before the Court on the Court's own review of the complaint (Dkt. 1), which was filed on August 31, 2020. The purported basis for jurisdiction is diversity of citizenship. Under the diversity statute, 28 U.S.C. § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010). In a diversity case, the party or parties asserting diversity jurisdiction—in this case, Plaintiffs—bears the burden of establishing it. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010).

The jurisdictional allegations in the complaint are insufficient to show a basis for diversity jurisdiction. Plaintiffs allege that Defendant Houston Shutters, LLC is a "foreign corporation with a home business located in Houston, Texas." Compl. ¶¶ 3, 7. If Houston Shutters is in fact a corporation, it is a citizen of its state of incorporation and its "nerve center," see generally Hertz Corp.; Plaintiff has identified neither. However, the name suggests that Houston Shutters is a limited liability company ("LLC"). An LLC has the citizenship of each of its members. Delay

1

<u>v. Rosenthal Collins Group, LLC</u>, 585 F.3d 1003, 1005 (6th Cir. 2009).  As stated by the Sixth Circuit:

> When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well.

<u>Id.</u>  Plaintiffs do not state the citizenships of the members and, if applicable, sub-members of Houston Shutters.

On or before September 9, 2020, Plaintiffs shall either file an amended complaint curing the above-mentioned defects or inform the Court that federal court jurisdiction is lacking.  Failure to comply with this order will result in the dismissal of this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

Dated: September 2, 2020          s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                  United States District Judge